

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ORANGEBURG DIVISION

| | | |
|---|---|---|
| THEODORE J. BOLICK, *a/k/a Theodore Jerry Bolick*, | § § | |
| Petitioner, | § | |
| vs. | § | CIVIL ACTION NO. 5:24-7662-MGL-KDW |
| | § | |
| DONNIE STONEBREAKER, | § | |
| Respondent. | § | |

---

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
AND DENYING RESPONDENT'S MOTION TO DISMISS, AS WELL AS
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT,
MOTION FOR DEFAULT JUDGMENT,
MOTION FOR A PRELIMINARY INJUNCTION,
MOTION FOR SANCTIONS, AND SUPPLEMENTAL MOTION FOR SANCTIONS**

---

Petitioner Theodore J. Bolick, a/k/a Theodore Jerry Bolick (Bolick), filed this 28 U.S.C. 2254 petition (the petition) against Respondent Donnie Stonebreaker (Stonebreaker). Bolick is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Stonebreaker's motion to dismiss, as well as Bolick's cross-motion for summary judgment, motion for default judgment, motion for preliminary injunction, motion for sanctions, and supplemental motion for sanctions all be denied. The Report was made in accordance with 28 U.S.C. 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. 636(b)(1).

The Magistrate Judge filed the Report on January 13, 2026, the Clerk entered Bolick's objections on January 26, 2026, and Stonebreaker filed his reply on February 9, 2026. The Court has carefully considered Bolick's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Bolick presents four objections to the Report. In the first, he objects to the Magistrate Judge's January 27, 2025, Order denying his motion to recuse.

As per Fed. R. Civ. P. 72(a), "[a] party may serve and file objections to [a pretrial] order within [fourteen] days after being served with a copy [of the Magistrate's Judge written decision]. A party may not assign as error a defect in the order not timely objected to."

The Clerk mailed a copy of the Magistrate Judge's decision to Bolick on the same day it was filed, January 27, 2025. But, his objections were entered almost a year later, January 26, 2026. Thus, his objections are untimely. Further, the Court is unable to say the Magistrate Judge's decision is clearly erroneous or is contrary to law. *Id*. Therefore, the Court will overrule Bolick's first objection.

Second, Bolick objects to the Magistrate Judge's failure to convert Stonebreaker's motion to dismiss into a motion for summary judgment. When a party files documents external to the complaint in a motion to dismiss, the Court may (a) consider those documents if they are integral to the complaint, explicitly relied on in the complaint, and their authenticity has not been challenged;

(b) decline to consider the documents; or (c) convert the motion to a motion for summary judgment and permit reasonable discovery. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011).

Considering this law, the Court is unpersuaded the Magistrate Judge should have converted Stonebreaker's motion to dismiss into a motion for summary judgment. Further, inasmuch as the Magistrate Judge suggests Stonebreaker's motion to dismiss be denied, whether it was converted into a motion for summary judgment is inconsequential. Accordingly, Bolick's second objection will be overruled, too.

Third, Bolick argues the Magistrate Judge erred in her failure to recommend the Court grant his cross-motion for summary judgment. According to Bolick, "the Magistrate Judge . . . finds the state courts have not made any unreasonable applications as to their decisions in law and therefore recommends the petitioner's motion for cross summary judgement be denied." Objections at 5.

But, the Court agrees with the Magistrate Judge's conclusion Bolick "has not met his burden and shown the Court of Appeals' decision on Petitioner's claims involved an unreasonable application of federal law, or an unreasonable determination of fact." Report at 6. Thus, the granting of his cross motion for summary judgment would be improper. As such, the Court will overrule Bolick's third objectoin, as well.

Fourth, Bolick contends the Magistrate Judge improperly suggested the Court decline granting his motion for sanctions and supplemental motion for sanctions under Fed. R. Civ P. 11. Absent from these motions, however, are any factual or legal bases that would make the granting of them proper. Therefore, the Court will also overrule this objection.

Bolick failed to object to the Magistrate Judge's suggestion his motion for default judgment be denied. But, he has submitted neither a sufficient legal nor factual basis such that he would be entitled to such relief. Therefore, the Court will deny this motion.

3

Bolick also neglected to object to the Magistrate Judge's conclusion his motion for a preliminary injunction should also be denied. The Court agrees with the Magistrate Judge the motion should be denied inasmuch as he is unable to satisfy the requirements for the issuance of a preliminary injunction, which are "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Therefore, the Court will deny Bolick's motion for a preliminary injunction, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Bolick's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Stonebreaker's motion to dismiss, as well as Bolick's cross-motion for summary judgment, motion for default judgment, motion for preliminary injunction, motion for sanctions, and supplemental motion for sanctions all are **DENIED**.

As the Magistrate Judge suggested, the parties are given thirty days from the entry of this Order to file additional dispositive motions.

**IT IS SO ORDERED.**

Signed this 10th day of March, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE


*****
**NOTICE OF RIGHT TO APPEAL**

Bolick is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4